1   **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9   Adam C. Cytron,                              No. CV16-2441-PHX-DGC

10                         Plaintiff,            **ORDER**

11  vs.

12  PHH Mortgage Corp. et. Al,

13                         Defendants.

14

15

16          Yesterday, at 4:30 p.m., Plaintiff filed an emergency motion to block a trustee's

17  sale of his property scheduled for today.  Doc. 2.  Plaintiff's motion asked the Court to

18  grant a temporary restraining order ("TRO") by 5:00 p.m. yesterday.  *Id.*  The Court was

19  in a jury trial yesterday, and did not see Plaintiff's motion until this morning.  For the

20  reasons that follow, the motion will be denied.

21          To obtain preliminary injunctive relief such as a TRO, a plaintiff must show that

22  he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

23  absence of relief, that the balance of equities tips in his favor, and that injunctive relief is

24  in the public interest.  *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008).  The test

25  includes a sliding scale.  If the plaintiff shows that the balance of hardships will tip

26  sharply in his favor, he need not make a strong showing of likelihood of success on the

27  merits – the existence of serious questions will suffice.  *Alliance for Wild Rockies v.*

28  *Cottrell*, 622 F.3d 1045, 1049-53 (9th Cir. 2010).

1    Plaintiff's motion does not address any of these factors.  Plaintiff argues that he

2    has canceled his mortgage, that Defendants have unclean hands, and that the Court can

3    stay proceedings related to the trustee's sale, among other arguments.  Plaintiff does not

4    clearly identify the legal claims upon which his TRO request is based.  He asserts that he

5    has "overwhelming evidence" of Defendants' unclean hands, but the attachments to his

6    motion are difficult to decipher.  They appear to be a combination of excerpts from

7    "infransen Blog" and emails related to this case, but Plaintiff attaches no declaration or

8    affidavit.  He does make reference to his complaint, but it is not sworn. Doc. 1.  Thus, in

9    addition to failing to address the requirements for a TRO, Plaintiff has failed to provide

10   proper supporting evidence.

11   Plaintiff also asks for a TRO without notice, but he has failed to address the

12   requirements of Federal Rule of Civil Procedure 65(b).  Nor does he provide the affidavit

13   or verified complaint required by that rule.  Fed. R. Civ. P. 65(b)(1)(A).

14   **IT IS ORDERED:**

15   1.    Plaintiff's motion for temporary restraining order without notice (Doc. 2) is

16   **denied**.

17   2.    Plaintiff's motion for leave to appear in forma pauperis (Doc. 3) is

18   improperly filed and is therefore **denied.**

19   Dated this 22nd day of July, 2016.

20

21

22

23                                       David G. Campbell
                                         United States District Judge
24

25

26

27

28