**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam C. Cytron,<br><br>    Plaintiff,<br><br>vs.<br><br>PHH Mortgage Corp. et. Al,<br><br>    Defendants. | No. CV16-2441-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed an emergency motion to restrain Defendants from evicting Plaintiff and his family from their residence. Doc. 18. Plaintiff has filed other motions as well. Docs. 11, 12, 14. For the reasons that follow, the motions will be denied.

As a preliminary matter, the Court notes that Plaintiff must comply with the Federal Rules of Civil Procedure, the Court's Local Rules, and other federal law, even though he is not represented by an attorney. Plaintiff states in some of his filings that he is doing his best to comply with the Court's requirements, which the Court appreciates, but the Court cannot give him legal advice, nor can it decline to apply the relevant rules and laws simply because Plaintiff is proceeding without counsel.

**A.    Request for Temporary Restraining Order (Doc. 18).**

To obtain preliminary injunctive relief such as a TRO, a plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tips in his favor, and that injunctive relief is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008). The test

includes a sliding scale. If the plaintiff shows that the balance of hardships will tip sharply in his favor, he need not make a strong showing of likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049-53 (9th Cir. 2010).

Plaintiff cites these standards, but fails to show how they are satisfied. Doc. 18. Plaintiff's motion asserts that Defendants have failed to produce the original promissory note for his property or to otherwise show that they are actual holders of the note, but provides no evidence in support. In addition, Arizona law does not require such a showing before a note can be enforced through a non-judicial foreclosure. *See Hogan v. Washington Mut. Bank, N.A.*, 277 P.3d 781, 783 (Ariz. 2012); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009). Plaintiff's motion also makes reference to various Arizona statutes, fraud, and unfair business practices, but again provides no explanation as to why he is likely to prevail on the merits of any of his claims.

Plaintiff's motion includes no exhibits or supporting evidence, and no affidavit. The motion does make reference to his complaint, but it is not sworn. Doc. 1.

Plaintiff also asks for a TRO without notice, but he has failed to address the requirements of Federal Rule of Civil Procedure 65(b). Nor does he provide the affidavit or verified complaint required by that rule. Fed. R. Civ. P. 65(b)(1)(A).

For all of these reasons, the Court will deny Plaintiff's request for a TRO.

**B.     Other Motions.**

Plaintiff filed a motion seeking permission to hold a telephone conference with "USAA" (Doc. 11), but did not explain the purpose of the call or why the Court's permission was needed. Plaintiff does not need the Court's permission to talk with other parties in the case, in person or by phone. The Court notes that USAA does not appear to have been served in this case, nor has it made an appearance. The motion will be denied as moot.

Plaintiff has filed a 74-page motion asking that an accelerated summary judgment

be entered in his favor or that an accelerated hearing be held. Doc. 12. The motion cites several different rules, many of them relating to post-trial matters. The motion itself seems to suggest that Plaintiff gave Defendants notice of his intent to cancel certain obligations under the Truth in Lending Act, and that Defendants failed to respond within 20 days. The motion says that Plaintiff has communicated with the Consumer Finance Bureau and Congress, and implies that this makes possible some Court action.

None of the Defendants appear to have been served in this case. Plaintiff is required to serve them in accordance with Rule 4 of the Federal Rules of Civil Procedure, within 90 days of filing his complaint, and to file a notice of service with the Court once each of them has been served, as required by Rule 4(l). Defendants must be made parties to this case through service before the Court can take any action on the merits. Once Defendants have been served, the Court will hold a case management conference under Rule 16 and set a schedule to govern these proceedings. Plaintiff is free to suggest a schedule he thinks reasonable, and the Court will consider his suggestion. In the meantime, his request for an expedited ruling on the merits is denied.

Plaintiff has filed a motion to "add pages back in" to his complaint, explaining that six pages were omitted when the complaint was filed. Doc. 14. If Plaintiff wishes to amend the complaint in the Court's docket, he must do so in accordance with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1. The Court notes that Plaintiff has the right to file one amended complaint as a matter of course under the requirements and time limits of Rule 15(a).

**IT IS ORDERED:**

1. Plaintiff's motion for temporary restraining (Doc. 18) is **denied**.
2. Plaintiff's other motions (Docs. 11, 12, 14) are **denied.**

Dated this 1st day of September, 2016.

_____
David G. Campbell
United States District Judge