**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam C. Cytron,<br><br>                Plaintiff,<br><br>v.<br><br>PHH Mortgage Corporation, USAA Federal Savings Bank, Jason P Sherman, Kari Sheehan, and Daniel C Schmidt,<br><br>                Defendants. | No. CV-16-02441-PHX-DGC<br><br>**ORDER** |

Defendants PHH Mortgage Corporation, Kari Sheehan, and Daniel C. Schmidt move to dismiss pro se Plaintiff Adam C. Cytron's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 26. Defendant Jason P. Sherman has filed a separate motion, joining the first motion and asserting an independent argument that Plaintiff's claims are barred by A.R.S. § 33-807(E). Doc. 27. The motions are fully briefed. Docs. 28, 29, 35, 36. The Court concludes that oral argument will not aid in its decision. *See* Fed. R. Civ. P. 78(b). The Court will grant Defendants' motion and grant Plaintiff leave to file a first amended complaint.

**I.      Background.**

On July 21, 2016, Plaintiff filed a 101-page complaint. Docs. 1 (Pages 1-62), 1-1 (Pages 63-101). The Complaint contains lengthy and disjointed factual allegations. From what the Court can decipher, the heart of Plaintiff's Complaint is as follows. In 2008, Plaintiff entered into a mortgage loan with Defendants and executed a deed of trust.

Doc. 1-1 at 23. Plaintiff unsuccessfully attempted to obtain a loan modification from Defendants on several occasions between 2008 and 2015. Doc. 1 at 5. Plaintiff received notice that a trustee sale of his property was scheduled to take place on July 22, 2016. *Id.* at 12. The Complaint contained an emergency motion asking the Court to enter a temporary restraining order ("TRO") to prevent the trustee sale. *Id.* The Court denied the motion. Doc. 6. The trustee's sale of Plaintiff's property was completed on July 22, 2016, and a trustee's deed was recorded on July 25, 2016. Doc. 26-1.

The remainder of the Complaint is difficult to decipher. It refers to dozens of laws and regulations relating to securities and lending, but makes only rare attempts to connect those laws and regulations to the few facts alleged. *See* Docs. 1, 1-1. On Page 90 of the Complaint, Plaintiff suggests nine claims:

> (1) declaratory relief; (2) negligence; (3) quasi contract; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (6) violation of Business and Professions Code § Title 32[;] (7) accounting; (8) breach of contract; and (9) breach of implied covenant and good faith and fair dealing.

Doc. 1-1 at 27.

## II.     **Failure to Comply with Rule 8.**

As an initial matter, the Court finds that the entire Complaint may be dismissed under Rule 8. That rule provides that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that fails to comply with these requirements may be dismissed. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Plaintiff fails to concisely allege specific facts to support how each Defendant violated the particular right at issue in a given count. Plaintiff scatters facts throughout the complaint and includes allegations that seem irrelevant. The Court will therefore dismiss the Complaint with leave to file a first amended complaint. In a first amended complaint, Plaintiff should follow the directions set forth later in this order.

**III. Claims with no Cognizable Legal Theory.**

A number of claims referenced or implied in the Complaint have no cognizable legal basis. In the interest of efficiency, the Court will briefly address them.

**A. "Show me the Note."**

In the Complaint, Plaintiff argues that "Defendants are not the true creditors" and "have no legal, equitable, or pecuniary right if any debt obligation exists." Doc. 1-1 at 28. Plaintiff appears to suggest that Defendants had no authority to foreclose on their home because Defendants were not holders in due course of the original promissory note. Doc. 1 at 22-28 ("if proper negotiation of the Mortgage Note was not followed as required, the trusts that these trustees represent do not hold sufficient legal rights to enforce the terms in the Mortgage Notes, much less enforce the terms in a nullified Security Instruments [sic].").

This theory, often referred to as "show me the note," has been rejected by the District of Arizona. *Diessner v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1187 (D. Ariz. 2009), *aff'd*, 384 Fed.Appx. 609 (9th Cir. 2010) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."); *see also, e.g.*, *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2006) ("Dismissal is appropriate where the complaint lacks . . . a cognizable legal theory . . . ."); *Vollmer v. Present*, 2011 WL 11415 at *4 (D. Ariz. Jan. 4, 2011). Given that it is not a cognizable legal theory, Plaintiff's "show me the note" claim is dismissed with prejudice.

**B. Quasi Contract or Unjust Enrichment.**

Plaintiff alleges a claim for quasi contract which he states "is synonymous with one for unjust enrichment." Doc. 1-1 at 32. A claim for unjust enrichment cannot lie where, as here, a contract exists between the parties. *Trustmark Ins. Co. v. Bank One, Ariz. N.A.*, 48 P.3d 485, 492 (Ariz. Ct. App. 2002) ("if there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application."); *Nickolas v. Structured Asset Mortg. Inv. II Trust 2006-AR8*, No. CV-12-01922-PHX-ROS, 2013 WL 11826532, at *2 n.2 (D. Ariz. July 18, 2013) ("a quasi-

contract is not a contract at all, but a duty imposed in equity upon a party to repay another to prevent his own unjust enrichment") (quoting *Pyeatte v. Pyeatte*, 661 P.2d 196, 203 (Ariz. Ct. App. 1983)).

Parties appear to agree that a contract exists between them. *See* Doc. 1-1 at 32 (Plaintiff states that "[t]he Deed of Trust is an express binding agreement that defines the parties' rights"); Doc. 26 at 9. In other places throughout the Complaint, however, Plaintiff appears to allege no relationship with Defendants based on a failure to properly assign rights. *See, e.g.*, *id.* at 28-29. Plaintiff will clarify his allegations in the first amended complaint, but to the extent he alleges a contractual agreement between the parties, a claim for unjust enrichment cannot lie.

### C. FDCPA.

Plaintiff also alleges that Defendants' conduct violated the Fair Debt Collection Practices Act ("FDCPA"). *See* Doc. 1-1 at 33-34. The FDCPA applies only to debt collectors who engage in practices prohibited by the FDCPA in an attempt to collect a consumer debt. *See Fischer v. SunTrust Mortg. Inc.*, No. CV-15-02075-PHX-JJT, 2016 WL 2746978, at *5 (D. Ariz. May 10, 2016); *Mansour*, 618 F. Supp. 2d at 1182. Under the FDCPA, a "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (6); *Diessner*, 618 F. Supp. 2d at 1188. This definition does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." § 1692a (6)(A).

The Ninth Circuit has not explicitly addressed whether mortgagees and their assignees are "debt collectors" and whether non-judicial foreclosure actions constitute debt collection under the FDCPA. *See Diessner*, 618 F. Supp. 2d at 1188. Other circuits have held that mortgagees and their beneficiaries are not debt collectors subject to the FDCPA. *See id.*; *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

District courts have also held that "the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA." *See Diessner*, 618 F. Supp. 2d at 1189 (citing e.g., *Mansour*, 2009 WL 1066155 at *2).

Accordingly, Plaintiff can make no FDCPA claim that arises from the non-judicial foreclosure proceeding because such a proceeding is not the collection of a debt for purposes of the FDCPA. *See Pryzblyski v. Stumpf*, No. 10-CV-8073-PCT-GMS, 2011 WL 31194, at *5 (D. Ariz. Jan 5, 2011) (citing *Mansour*, 618 F. Supp. 2d at 1182).

### D.    Waiver of Claims under A.R.S. § 33-811(C).

To the extent Plaintiff asserts any claims to title of the property or claims that are dependent on showing the invalidity of the trustee sale, such as wrongful foreclosure, these claims are barred by A.R.S. § 33-811(C). Under this statute:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

A.R.S. § 33-811(C). Thus, "a trustor who fails to enjoin a trustee's sale waives his claims to title of the property upon the sale's completion, and also waives any claims that are dependent on the sale." *Morgan AZ Fin., L.L.C. v. Gotses*, 326 P.3d 288, 290-91 (Ariz. Ct. App. 2014) (citing *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz. 2012); *Madison v. Groseth*, 279 P.3d 633, 638 (Ariz. Ct. App.2012)).

Plaintiff obtained a loan secured by a deed of trust on his property. Doc. 1-1 at 23. Plaintiff had notice Defendants planned to conduct a trustee sale of the property under the deed of trust. Doc. 1 at 12. Plaintiff did not secure a court order preventing the sale, and the sale was completed on July 22, 2016. Doc. 6; Doc. 26-1 at 2-5. As a result, claims that "depend on . . . objections to the validity of the trustee's sale," *Madison*, 279 P.3d at 638, have been waived under § 33-811(C).

### E. Time-Bar.

"The purpose of the statute of limitations is to 'protect defendants and courts from stale claims where plaintiffs have slept on their rights.'" *Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998) (quoting *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 968 (Ariz. 1995)). "As a general matter, a cause of action accrues, and the statute of limitations commences, when one party is able to sue another." *Gust,* 898 P.2d at 966 (citing *Sato v. Van Denburgh*, 599 P.2d 181, 183 (Ariz. 1979)). Thus, "the period of limitations begins to run when the act upon which legal action is based took place, even though the plaintiff may be unaware of the facts underlying his or her claim." *Id.* To mitigate the harshness that the traditional rule sometimes imposes, courts have developed the "discovery rule" exception. *Id.* Under the discovery rule, "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Doe*, 955 P.2d at 960. "The rationale behind the discovery rule is that it is unjust to deprive a plaintiff of a cause of action before the plaintiff has a reasonable basis for believing that a claim exists." *Gust*, 898 P.2d at 967.

"The defense of statute of limitations is never favored by the courts, and if there is doubt as to which of two limitations periods should apply, courts generally apply the longer." *Id.* at 968. Because the statute of limitations is an affirmative defense, the burden of proof lies with the defendant. *Estate of Page v. Litzenburg*, 865 P.2d 128, 135 (Ariz. Ct. App. 1993). The burden of proving that the statute of limitations has been tolled, however, rests with the claimant. *Engle Bros. v. Superior Court In & For Pima Cty.*, 533 P.2d 714, 716 (Ariz. Ct. App. 1975). Similarly, "[t]he burden of establishing that the discovery rule applies to delay the statute of limitations rest[s] on plaintiff." *Logerquist v. Danforth*, 932 P.2d 281, 284 (Ariz. Ct. App. 1996).

Defendants assert Plaintiff's following claims are time-barred:

- Negligence – two year statute of limitations (A.R.S. § 12-542);
- RESPA – three-year statute of limitations for violations of § 2605 and a one-year statute of limitations for violations of §§ 2607 or 2608 (12 U.S.C. § 2614);

- 6 -

- "Business and Professions Code § Title 32" – one-year statute of limitations (A.R.S. § 12-541);
- Breach of Contract – six-year statute of limitations (A.R.S. § 12-548);
- Good Faith and Fair Dealing – two-year statute of limitations (A.R.S. § 12-542(3); *Salcido v. JPMorgan Chase Bank, N.A.*, 2015 WL 1242799, at *4 (D. Ariz. Mar. 18, 2015)).

*See* Doc. 26 at 11-12, n.8. Plaintiff concedes that the deed of trust was executed on December 19, 2008, and recorded on December 26, 2008. Doc. 1-1 at 23. And it is undisputed that Plaintiff commenced this action on July 21, 2016, nearly eight years later. But Plaintiff has alleged insufficient facts to establish many of these claims, much less to show when these claims arose, or were discovered, or if the limitations period was tolled. In the first amended complaint, Plaintiff must provide sufficient facts to establish his claims, which in turn will aid both the Defendants and the Court in deciding when each claim's limitations period commenced. For now, the Court declines to dismiss any of Plaintiff's claims with prejudice as time barred.

**IV.     Defendant Sherman's Motion to Dismiss.**

Defendant Sherman independently moves to dismiss Plaintiff's claims against him under A.R.S. § 33-807(E). Doc. 27. This statute limits trustee liability to causes of action for "a breach of the trustee's obligation under this chapter or under the deed of trust." Because Plaintiff does not allege that Defendant Sherman breached such obligations, his claims against Defendant Sherman will be dismissed.

**V.     Leave to Amend.**

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks omitted). But "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (citing *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th

- 7 -

Cir. 2004)). As discussed above, the Court will dismiss the Complaint with leave for Plaintiff to file a first amended complaint.

The Court is required to give guidance to a pro se plaintiff regarding the deficiencies of dismissed claims. *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988) ("We do not . . . require the district court to act as legal advisor to the plaintiff. . . . However, the court must do more than simply advise the pro se plaintiff that his complaint needs to [comply with Rule 8]. . . . The district court is required to draft 'a few sentences explaining the deficiencies.' ") (citations omitted).

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements should be set forth in separate numbered paragraphs. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The amended complaint must also provide the factual basis for each claim against each Defendant, giving Defendants "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Docs. 26, 27) is **granted.**
2. Plaintiff is granted leave to file a first amended complaint.
3. Plaintiff shall file an amended complaint on or before **December 30, 2016**.

4.   The Clerk is directed to terminate this action without further order of the Court if Plaintiff does not file an amended complaint by December 30, 2016.

Dated this 12th day of December, 2016.

_____
David G. Campbell
United States District Judge