**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam C. Cytron, | No. CV-16-02441-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| PHH Mortgage Corporation, USAA Federal Savings Bank, Jason P Sherman, Kari Sheehan, and Daniel C Schmidt, | |
| Defendants. | |

The Court entered an order on December 12, 2016, dismissing pro se Plaintiff Adam C. Cytron's complaint and granting leave the amend. Doc. 42. The order identified deficiencies in Plaintiff's 101-page complaint, provided guidance on drafting an amended complaint, and directed that the amended complaint be filed by December 30, 2016. *Id.* The Court further directed the Clerk to terminate this action if Plaintiff did not file an amended complaint by that date. *Id.*

Plaintiff requested additional time and, on December 29, 2016, the Court granted an extension. Doc. 46. The Court ordered that the amended complaint be filed by January 20, 2017, and stated that further extensions would not be granted. *Id.*

Plaintiff later requested a one-day extension, stating that he was unable to file his amended complaint due to issues beyond his control. The Court granted the extension to January 23, 2017. Doc. 50.

Plaintiff called the Court's staff to request an additional extension, and the Court gave him until January 25, 2017.  Doc. 51.  The Court again stated that no further extensions would be granted. *Id.*

Plaintiff called the Court's staff again on January 26, 2017, stated that he could not file his complaint and did not know when it would be finished, and became so abusive during the phone call that the Court's staff was forced to hang up.  This is not the first time Plaintiff has acted aggressively toward Court's staff, both in chambers and in the Clerk's office.  Indeed, Court security officers have been sufficiently concerned about Defendant's behavior that they assign an officer to accompany him whenever he enters the courthouse.

Plaintiff has a general duty to prosecute this case.  *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) appears to require a motion.

In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first, second, and third factors favor dismissal.  Plaintiff's repeated failure to file an amended complaint prevents this case from proceeding.  The case has been pending for more than seven months, with little progress, and concerns events that occurred more than eight years ago.  *See* Doc. 42 at 7.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less

drastic alternative is available.  The Court has afforded Plaintiff ample time to amend his complaint, provided guidance on how to do so, granted repeated extensions, and warned him that further extensions would not be granted.  Plaintiff's failure to comply with the Court's deadlines, and his abusive conduct toward Court staff, convince the undersigned that further extensions are not warranted and it is time to terminate this action.

**IT IS ORDERED** that this case is dismissed as set forth in Doc. 42 and for failure to prosecute.  The Clerk is directed to terminate this action.

Dated this 30th day of January, 2017.

_____
David G. Campbell
United States District Judge